UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00112-LRH-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MATTHIAS HADDOCK, | |
| Defendant. | |

Before the Court is Defendant Matthias Haddock's ("Haddock") motion for compassionate release (ECF No. 66) and his motion for order reducing sentence or modifying judgment (ECF No. 74). On October 3, 2022, Haddock filed a Motion for Compassionate Release *pro se*, shortly thereafter counsel for Haddock appeared and filed a stipulation requesting to supplement Haddock's motion and an extension on the filing due dates. The Court granted the stipulation (ECF No. 72) and counsel for Haddock filed a motion for order reducing sentence or modifying judgment (ECF No. 74). On December 29, 2022, the Government filed a response in opposition (ECF No. 81), and Haddock subsequently filed a reply (ECF No. 86). Counsel for both sides have filed motions for leave to file exhibits under seal (ECF Nos. 75, 82). After a review of all relevant factors, the Court finds that compassionate release or a reduction of sentence is not warranted.

I.     **BACKGROUND**

On July 24, 2013, Haddock pleaded guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b). ECF No. 29. The Court later sentenced him to two-hundred-and-ten (210) months of imprisonment and a lifetime term of supervised release. ECF No. 55. Haddock

has been in custody since November 28, 2012. ECF No. 9. At this time, he is almost 49 years old and has served roughly one-hundred and twenty-five months (125 months) of his prison sentence.

Haddock suffers from irritable bowel syndrome ("IBS") and his symptoms, "include frequent and uncontrollable diarrhea, rectal bleeding, and severe abdominal cramping." ECF No. 74, 3:3-5. Haddock also has a family history of colon cancer. *Id.* at 3:7-12. Haddock claims (1) that his IBS symptoms are not being sufficiently treated by the BOP; and (2) that he has not received adequate diagnostic care for other potential gastrointestinal issues (colonoscopy); and that these are extraordinary and compelling reasons for the Court to grant a reduced sentence. *Id.* at 17:14-18:2.

The Government does not contest Haddock's representations regarding medical testing and treatment for his IBS. ECF No. 81, 2:3-4. However, the Government notes (1) that Haddock's colonoscopy complaint is moot as he recently received a colonoscopy on February 6, 2023 (*Id*. at 2:5-7); (2) that Haddock's claims of inadequate medical care are not a proper basis for seeking compassionate release (*Id.* at 8-9); and (3) that Haddock's commissary receipts belie his claims of not being able to afford loperamide (*Id.* at 9:10-10:12).[1]

## II.     LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a), "to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction." Section 3553(a) provides, in relevant part:

> (a) **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) the need for the sentence imposed—
>     …
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

---

[1] Loperamide is the generic name for Imodium, which is an over-the-counter medication that does not require a prescription. ECF No. 81, 9:24.

2

    (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

  (4) the kinds of sentence and the sentencing range established for
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

…

    (B) in the case of a violation of probation or supervised the release, the applicable policy statements issued by the Sentencing Commission

…

  (5) any pertinent policy statement …
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense[.]

### III. DISCUSSION

The nature and circumstances giving rise to Haddock's offense are especially concerning. Initially, no images or videos were immediately located on Haddock's device as it was found that Haddock had installed computer programs that were designed to destroy such evidence. Haddock was characterized as a "deleter." PSR at ¶19. A more thorough forensic examination revealed extensive child pornography evidence: approximately 2,000 child pornography images and 49 videos of child pornography (75 images per video for a total of 5,676 images). These images and videos were located from the deleted space on Haddock's hard drive. The images and videos contained depictions of prepubescent children engaged in sexually explicit conduct, including sadistic and masochistic conduct. The National Center for Missing and Exploited Children ("NCMEC") was able to identify 12 previously identified victims in a total of 27 images and 2 video files. PSR at ¶¶ 21, 24.

Of particular concern, the forensic examiner found a sequence of 1,109 images on Haddock's computer that began with a depiction of a female child approximately four-years old holding a sign that stated, "Mat preteen 4 you." The images progressively show the four-year-old being undressed and ultimately sexually assaulted by an adult male. It appears that these images may have been created from a live webcam streamed video. PSR at ¶20.

Indeed, due to the particulars of Haddock's offense and history, he received a total offense level of 35, including an 18-level increase for "Special Offense Characteristics." He received a 2-

level increase as, "the material involved a prepubescent minor or a minor who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(20);" a 4-level increase as the, "involved materials [. . .] portrayed sadistic or masochistic conduct or other depictions of violence. U.S.S.G. § 2G2.2(b)(4);" a 5-level increase as, "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor… U.S.S.G. § 2G2.2(b)(5);" another 2-level increase as, "the offense involved the use of a computer…. U.S.S.G. § 2G2.2(b)(6);" and finally another 5-level increase as, "the offense involved 600 or more images. In this case, 2,000 images depicting child pornography and 49 video files (75 images per video file)…for a total of 5,676 images. U.S.S.G. § 2G2.2(b)(7)(D)." PSR ¶¶ 34-38.

Moreover, the instant offense was not Haddock's first offense relevant to sexual abuse of a child. Between May 2001 and October 2002, Haddock was investigated in Oregon for the sexual abuse of a closely related 3- to 4-year-old female child. Then, in January and May of 2002, Haddock was investigated for the distribution of child pornography on the internet. On December 9, 2002, Haddock was charged in Clackamas County Circuit Court in a 6-count amended indictment alleging: sodomy in the first degree; sexual abuse in the first degree; encouraging child sexual abuse in the first, second, and third degrees; and possession of child pornography. Ultimately, Haddock pleaded guilty to one count of Encouraging Child Sex Abuse in the First Degree and on June 12, 2003, Haddock was sentenced to 36 months in prison, 3 years post-conviction supervision, and was required to register as a sex offender. PSR ¶ 46. He was released from prison in October 2005 and his post-prison supervision concluded in October 2008. Just three years later, in October 2011, an investigator in Nevada, where Haddock was then living, discovered extensive ongoing child pornography evidence, which lead to the charge and conviction in this Court for Receipt of Child Pornography.

In this case, Haddock could have received at least 15-years but no more than 40-years imprisonment, a fine of $250,000, and at least 5-years to a lifetime term of supervised release. Under the sentencing guideline provisions, Haddock could have received at least 235 months (19 years, 7 months) in prison, 5-years to lifetime of supervised release, and a fine of $200,00. However, Haddock received 210 months of imprisonment, lifetime of supervision, and no fine.

4

The Court acknowledges and commends Haddock for his completion of the Residential Drug Abuse Program (RDAP), serving as a mentor, and for having minimal disciplinary issues. ECF No. 74, 19:3-16. Haddock has also assisted as a recreation aide, helping run weekly crafting classes for his fellow inmates. *Id.* at 20:4-6. It is evident that Haddock is taking strides to become a positive, active member of his community once released.

But in full consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), particularly in consideration of the nature and circumstances of the offense outlined above, Haddock's history, and the need for the sentence imposed, a reduction in sentence or modification of judgment is not warranted at this time. Accordingly, the Court denies Haddock's motions for compassionate release and/or reduction in sentence.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Haddock's motion for compassionate release (ECF No. 66) and his motion for order reducing sentence or modifying judgment (ECF No. 74) are **DENIED**.

IT IS FURTHER ORDERED that Haddock's and the Government's motions for leave to file exhibits under seal (ECF Nos. 75, 82) are **GRANTED**.

IT IS SO ORDERED.

DATED this 12th day of May, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE